Law Offices of Brian Puricelli
BY: Brian Puricelli, Esquire
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115

---

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYVANIA

KEVIN FUREY                                          NO.
        PLAINTIFF,

   V.

                            CIVIL ACTION

TEMPLE POLICE OFFICER CARL BINDER,
TEMPLE POLICE OFFICER HARVEY,
DOUGLAS SEGARS, COLIN ANDERSON AND
POLICE OFFICER STEVEN ROBINSON

      DEFENDANTS.

## NOTICE OF REMOVAL

      Defendant, Steve Robinson, civilian and misidentified by the Plaintiff as a police officer, by and through his undersigned counsel notices removal of the action. Removal is noticed with consent of all other defendants. See attachment B. Notice is to remove a Court of Common Pleas of Philadelphia County, April Term 2009, No 04184, now pending, to the United States Court for the Eastern District of Pennsylvania.

      The grounds for the removal of this action are as follows:

      1.    Plaintiff filed the Complaint in the instant action on or about July 1, 2009 docketed as April Term, 2009, No. 04184 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A."

      2.    Steven Robinson is a named defendant; however, he has not been formally served with a copy of the complaint or summons.

3.     The complaint for Steven Robinson was served by the Plaintiff on the City Law Department, which is and was not authorized at law or by Steven Robinson to accept service of the complaint for defendant Robinson.

4.     For all times the Plaintiff relies on for relief, Defendant Robinson was not an employee nor employed by the City of Philadelphia, as a police officer or in any other capacity.

5.     The Complaint, on its face, asserts federal question claims and, thus, the artful-pleading doctrine supports federal question jurisdiction in this matter.

6.     In the Complaint, Plaintiff alleges civil rights violations by the Temple Defendants in their individual capacities and in their official capacities as Temple Police Officers acting under color of state law pursuant to 42 U.S.C. § 1983.

7.     Specifically, Plaintiff alleges that the Temple Defendants deprived Plaintiff of his right to freedom from unreasonable and unlawful seizure, to equal protection of the law, to due process which rights are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

8.     Federal questions are central to Plaintiffs civil rights claims in this action, and knowing this, Plaintiff intentionally omitted captioning his action as a federal civil rights claim solely in order to defeat Defendants' right to a federal forum.

9.     The instant action is an action of which this Court has original jurisdiction within the meaning of 28 U.S.C. §§ 1331 and 1441.

10.     This removal notice is timely because the 30 day statutory period to remove has not expired for defendant Robinso. See, *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.,* 119 S.Ct. 1322, 1329 (1999) (the removal period runs from the service of the summons).

11.    Removal by Robinson of the Complaint setting forth the claims for relief upon which the underlying action in state court is based. 28 U.S.C. § 1446(b).

12.    Steven Robinson with all Co-Defendants (Philadelphia Police Officer, Douglas Segars and Colin Anderson, and the Temple University defendants) are sued individually and as acting under color of state law as co-conspirators acting to deprive Plaintiff of his civil rights.

13.    Steve Robinson on the date and time as alleged by the Plaintiff was not a police officer for any University or municipality, in the United States, including Temple University and/or the City of Philadelphia, Commonwealth of Pennsylvania.

14.    All Co-Defendants (Douglas Segars and Colin Anderson, and the Temple Police Officers Carl Binder and Harvey) consent to removal of the action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. Consent to remove has been obtained in writing. A true and correct copy of consent are attached hereto as Exhibit "B."

15.    Plaintiff has failed to properly serve Steve Robinson with the complaint, thus the Court of Common Pleas for Philadelphia County did not obtain jurisdiction over him, and the time to remove has not expired.

16.    Removal is timely because Steve Robinson files the Notice of Removal within 30 days of when Robinson was served with the complaint.

17.    Service of the complaint as a matter of law was not perfected by the Plaintiff on Robinson; rather, Plaintiff improperly served the complaint on the City Law Department. To date the Plaintiff has not perfected service of the complaint on Robinson.

18.    The State Court Action is therefore properly removed to this Court.

**WHEREFORE,** notice is given that the above-captioned action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

/s/
Brian Puricelli, Esquire
Attorney for Steve Robinson

Law Offices of Brian Puricelli
BY: Brian Puricelli, Esquire
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115

---

KEVIN FUREY                              COURT OF COMMON PLEAS
            PLAINTIFF,                   PHILADELPHIA COUNTY

        V.                               APRIL TERM, 2009
                                         NO. 04184

TEMPLE POLICE OFFICER CARL BINDER,
TEMPLE POLICE OFFICER HARVEY,
DOUGLAS SEGARS, COLIN ANDERSON AND
POLICE OFFICER STEVEN ROBINSON

            DEFENDANTS.

## NOTICE OF REMOVAL

Defendant, Steve Robinson, civilian and misidentified by the Plaintiff as a police officer,

by and through his undersigned counsel notices removal of the action. Removal is noticed

with consent of all other defendants. Notice is to remove the above-captioned action from the

Court of Common Pleas of Philadelphia County, in which it is now pending, to the United

States Court for the Eastern District of Pennsylvania.

The grounds for the removal of this action are as follows:

## NOTICE OF REMOVAL

Defendant, Steve Robinson, civilian and misidentified by the Plaintiff as a police officer,

by and through his undersigned counsel notices removal of the action. Removal is noticed

with consent of all other defendants. See attachment B. Notice is to remove a Court of

Common Pleas of Philadelphia County, April Term 2009, No 04184, now pending, to the United

States Court for the Eastern District of Pennsylvania.

The grounds for the removal of this action are as follows:

1.     Plaintiff filed the Complaint in the instant action on or about July 1, 2009 docketed as April Term, 2009, No. 04184 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.     Steven Robinson is a named defendant; however, he has not been formally served with a copy of the complaint or summons.

3.     The complaint for Steven Robinson was served by the Plaintiff on the City Law Department, which is and was not authorized at law or by Steven Robinson to accept service of the complaint for defendant Robinson.

4.     For all times the Plaintiff relies on for relief, Defendant Robinson was not an employee nor employed by the City of Philadelphia, as a police officer or in any other capacity.

5.     The Complaint, on its face, asserts federal question claims and, thus, the artful-pleading doctrine supports federal question jurisdiction in this matter.

6.     In the Complaint, Plaintiff alleges civil rights violations by the Temple Defendants in their individual capacities and in their official capacities as Temple Police Officers acting under color of state law pursuant to 42 U.S.C. § 1983.

7.     Specifically, Plaintiff alleges that the Temple Defendants deprived Plaintiff of his right to freedom from unreasonable and unlawful seizure, to equal protection of the law, to due process which rights are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

8.     Federal questions are central to Plaintiffs civil rights claims in this action, and knowing this, Plaintiff intentionally omitted captioning his action as a federal civil rights claim solely in order to defeat Defendants' right to a federal forum.

9.     The instant action is an action of which this Court has original jurisdiction within the meaning of 28 U.S.C. §§ 1331 and 1441.

10.    This removal notice is timely because the 30 day statutory period to remove has not expired for defendant Robinso. See, *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.,* 119 S.Ct. 1322, 1329 (1999) (the removal period runs from the service of the summons).

11.    Removal by Robinson of the Complaint setting forth the claims for relief upon which the underlying action in state court is based. 28 U.S.C. § 1446(b).

12.    Steven Robinson with all Co-Defendants (Philadelphia Police Officer, Douglas Segars and Colin Anderson, and the Temple University defendants) are sued individually and as acting under color of state law as co-conspirators acting to deprive Plaintiff of his civil rights.

13.    Steve Robinson on the date and time as alleged by the Plaintiff was not a police officer for any University or municipality, in the United States, including Temple University and/or the City of Philadelphia, Commonwealth of Pennsylvania.

14.    All Co-Defendants (Douglas Segars and Colin Anderson, and the Temple Police Officers Carl Binder and Harvey) consent to removal of the action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. Consent to remove has been obtained in writing. A true and correct copy of consent are attached hereto as Exhibit "B."

15.    Plaintiff has failed to properly serve Steve Robinson with the complaint, thus the Court of Common Pleas for Philadelphia County did not obtain jurisdiction over him, and the time to remove has not expired.

16.    Removal is timely because Steve Robinson files the Notice of Removal within 30 days of when Robinson was served with the complaint.

17.     Service of the complaint as a matter of law was not perfected by the Plaintiff on Robinson; rather, Plaintiff improperly served the complaint on the City Law Department. To date the Plaintiff has not perfected service of the complaint on Robinson.

18.     The State Court Action is therefore properly removed to this Court.

**WHEREFORE,** notice is given that the above-captioned action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

_____/s/
Brian Puricelli, Esquire
Attorney for Steve Robinson

```
COMMONWEALTH OF PENNSYLVANIA }

                                  ss

COUNTY OF BUCKS               }
```

## VERIFICATION

I, Steven Robinson, president, being duly sworn according to law, deposed and says that the facts set forth in the foregoing Responses to foregoing are true and correct to the best of my information, knowledge and belief and that I am aware that any intentionally false statements made therein are made subject to penalties pursuant to 18 P.S.C.A., Section 4904, relating to unsworn falsifications to authorities.

Date:

# EXHIBIT A

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

| | | |
|---|---|---|
| KEVIN FUREY | : | APRIL TERM, 2009 |
| vs. | : | NO. 04184 |
| TEMPLE POLICE OFFICER CARL BINDER, individually and in his official capacity as a Police Officer | : | JURY TRIAL DEMANDED |
| and | : | |
| See attached list for additional defendants | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleva esta demanda o un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 090404184

MARGARET BOYCE FUREY, ESQUIRE
Identification No. 02461
Four Tower Bridge Center, Suite 400
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
(610) 397-0125                                    Attorney for plaintiff

| | | |
|---|---|---|
| KEVIN FUREY | : | APRIL TERM, 2009 |
| | : | |
| vs. | : | NO. 04184 |
| | : | |
| TEMPLE POLICE OFFICER CARL | : | JURY TRIAL DEMANDED |
| BINDER, individually and in his official | : | |
| capacity as a Police Officer | : | |
| | : | |
| and | : | |
| | : | |
| TEMPLE POLICE OFFICER HARVEY, | : | |
| individually and in his official capacity | : | |
| as a Police Officer | : | |
| | : | |
| and | : | |
| | : | |
| DOUGLAS SEGARS, individually and | : | |
| acting under color of law | : | |
| | : | |
| and | : | |
| | : | |
| COLIN ANDERSON, individually and | : | |
| acting under color of law | : | |
| | : | |
| and | : | |
| | : | |
| PHILADELPHIA POLICE OFFICER | : | |
| STEVEN ROBINSON, individually and | : | |
| in his official capacity as a Philadelphia | : | |
| Police Officer | : | |

## COMPLAINT - CIVIL ACTION

1.    Plaintiff is Kevin Furey, an individual, who resides at 299 Barren Hill Road, Conshohocken, Pa.

1

Case ID: 090404184

2. Defendants, Carl Binder and Harvey, were Temple Police Officers, employed by Temple University at the time they committed the acts and omissions alleged in this Complaint. They are sued individually and in their official capacities, with stated authority to make arrests granted by the City of Philadelphia and its Police Department and by Temple University, a public university acting under the authority of the State of Pennsylvania which funds the University.

3. Defendant, Douglas Segars, is an individual, who resides at 3 Paul Court, Ridgewood, NJ, and at all times mentioned herein was acting under color of law, having conspired together and with others, reaching a mutual understanding and acting to undertake a course of conduct that violated plaintiff's civil rights as well as to commit the tort of assault and battery upon plaintiff, causing him the physical, emotional and psychological injuries set forth herein.

4. Defendant, Colin Anderson, is an individual, whose residence is unknown but is believed to reside in Pennsylvania, and attends Temple University and is subject to service at its undergraduate department of Student Affairs, which has information regarding his residence, but after agreeing to provide information and $25.00 being paid by plaintiff to obtain this information, Temple University has since rescinded on this agreement to provide residence information on this defendant as is evidenced by the attached correspondence marked Exhibits A, B and C, incorporated into this Complaint and made part hereof. At all times mentioned herein defendant Anderson was acting under color of law, having conspired together and with others, reaching a mutual understanding and acting to undertake a course of conduct that violated plaintiff's civil rights as well as to commit the tort of assault and battery upon plaintiff, causing him the physical, emotional and psychological injuries set forth herein.

2.

5. Defendant is Steven Robinson, a Philadelphia Police Officer, who is sued individually and in his capacity as a Philadelphia Police Officer with service being made through the Philadelphia City Solicitor's Office. At all times mentioned herein defendant Robinson was acting under color of law, having conspired together and with others, reaching a mutual understanding and acting to undertake a course of conduct that violated plaintiff's civil rights as well as to commit the tort of assault and battery upon plaintiff, causing him the physical, emotional and psychological injuries set forth herein.

6. At all times mentioned herein, the said defendants were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and Temple University and its Police Department, which acts under and in accordance with an Agreement entered into between it and the City of Philadelphia.

7. On or about April 5, 2008, plaintiff, Kevin Furey, was staying in a house located on Monument Avenue in the City of Philadelphia, a guest of John Fisher, who leased the house with other Temple students.

8. On this date and location, at approximately 3:00 a.m., plaintiff, Kevin Furey, went to a car titled to his mother, Margaret Boyce Furey, to retrieve a tool in order to assist his friend, John Fisher, gain entry to his bedroom which John Fisher had inadvertently locked and was unable to gain entrance.

3.

9. That at the above mentioned date and time, both plaintiff and John Fisher were undergraduate students of Temple University, as were the other residents of the house on Monument Avenue where they were staying on April 5, 2008.

10. That as plaintiff opened the trunk of his mother's car located in a lot at the corner of 18th Street and Monument Avenue to retrieve a machete owned by his father, George Furey, which plaintiff intended to use as a crowbar to help John Fisher gain entrance to his bedroom, a group of individuals, including defendants Anderson, Segars and Robinson, in the company of off-duty Philadelphia Police Officer Travis Wolfe, all dressed like punk rappers, asked him "what he had." Plaintiff's response was "none of your business," at which time Travis Wolfe drew a gun on plaintiff.

11. That the defendants, Anderson, Segars and Robinson, were coming from the Lights Out Part 2: Unpaid Bills Edition drug and alcohol party being held that night at Garden State Mansion, 1727 Monument Avenue, Philadelphia. See Exhibit D attached hereto relating to the party and attendees.

12. As Travis Wolfe drew the gun, the defendants, Anderson, Segars and Robinson, shouted "shoot him."

13. After a momentary hesitation, plaintiff threw the machete down, believing it went back into the car trunk or near the trunk, at which time the group of individuals, including Anderson, Segars and Robinson, together with Travis Wolfe, jumped plaintiff, forcing him to the ground.

4.

Case ID: 090404184

14.   As plaintiff was being assaulted by defendants, Anderson, Segars and Robinson, defendants, Temple Police Officers Binder and Harvey, came down Monument Street and joined in the assault upon plaintiff, striking his head on the pavement, ground, and dragging plaintiff across the sidewalk, pavement, ground, causing injury to plaintiff, as more fully hereinafter described.

15.   That the force used was in excess of any force required to take plaintiff into custody, grossly out of proportion to any need for the use of force by the defendant Temple Police Officers, not employed in good faith and caused severe injuries to plaintiff.

16.   That even though they had no probable cause to arrest plaintiff, since plaintiff had committed no crime nor did any of the defendants have reason to believe any crime had been committed, defendants Binder and Harvey handcuffed plaintiff and placed plaintiff in a Temple Police car for transport, first to Hahnemann Hospital, where plaintiff was treated for head and knee injuries and where these defendants harassed and humiliated plaintiff, making him beg to even go to the bathroom.

17.   That these defendants, Binder and Harvey, then took plaintiff to jail where he was incarcerated for almost a full day prior to being released.

18.   The actions of the defendants caused severe head injuries to plaintiff as well as bruises and contusions to his knees and legs, permanent facial scarring and ongoing pain to both knees as well as scarring to them, in addition to continuing and ongoing psychological and emotional injuries, post traumatic stress and permanent mental and emotional suffering and anguish.

5.

Case ID: 090404184

19. While taking plaintiff into custody on the bogus charges of Philadelphia Police Officer Travis Wolfe, the defendant Temple Officers, individually and jointly, employed successive and unreasonable force against the person of the plaintiff. Such force included, but was not limited, to repeatedly beating the plaintiff, striking plaintiff's head to the pavement and beating plaintiff while dragging him.

20. The force was in excess of any force required to take plaintiff into custody, grossly out of proportion to any need for the use of force by the defendant Police Officers, not employed in good faith and caused severe injuries to plaintiff.

21. That defendants Anderson, Segars and Robinson had no right to assault and batter plaintiff, but acted in a conspiracy with Travis Wolfe to violate plaintiff's civil rights cognizable under 42 U.S.C. § 1983.

22. That defendant Temple Officers violated plaintiff's Fourth and Fourteenth Amendment rights by searching his mother's car without a lawful search warrant while it was parked at 18th Street and Monument Avenue, Philadelphia, Pa.

23. That at the time of the above mentioned incident, the defendant Temple Police Officers, Binder and Harvey, were acting under color of law and authorized to act as police officers under the authority of not only their employer, Temple University, but also under the authority of the City of Philadelphia which allows Temple Police Officers to arrest citizens pursuant to authority as police officers of the City of Philadelphia even though they are not members of the Philadelphia Police Department.

6.

Case ID: 090404184

## COUNT I

### Excessive Use of Force By All Defendants

24. Paragraphs 1 through 23 of this Complaint are incorporated by reference as fully as though set forth herein at length.

25. That defendants, Anderson, Segars and Robinson, assaulted plaintiff when they encouraged and egged on Travis Wolfe to shoot plaintiff, even though plaintiff was committing no crime nor threatening them nor showing violence toward them.

26. That defendants, Anderson, Segars and Robinson, assaulted and battered plaintiff after he threw the machete down; they were without any right or authority to do so since they were not officers but acted in conspiracy with off-duty Philadelphia Police Officer Travis Wolfe, who acted under color of law and as a State actor in his official capacity when he showed his badge after assaulting and battering plaintiff and claimed to be a Philadelphia Police Officer when making an arrest of plaintiff in order to justify his assault and battery upon plaintiff's person.

27. That defendant Temple Police Officers Binder and Harvey unlawfully and physically abused plaintiff under color of law and under the authority of the City of Philadelphia and the Temple University Police Department. As stated, plaintiff suffered grievous bodily harm and was deprived of being secure in his person, against unreasonable seizure of his person, and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

7.

Case ID: 090404184

28. That plaintiff suffered the permanent injuries and damages as stated above and additionally, plaintiff suffered special damages in the form of medical expenses, was caused to be expelled from Temple University, and will suffer additional special damages in the future in amounts which have not yet been determined.

29. That defendants' acts as hereinabove described were intentional, wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against all defendants in their individual capacities.

30. That if plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff prays for judgment against defendants jointly and severally for compensatory damages in the amount of One Million ($1,000,000.00) Dollars and for punitive damages in the amount of One Million ($1,000,000.00) Dollars, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### Civil Rights Violations Against All Defendants

31. Paragraphs 1 through 30 of this Complaint are incorporated by reference as fully as though set forth herein at length.

32. Defendants, acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated plaintiff's civil rights, to wit:

8.

Case ID: 090404184

(a)    defendants agreed and acted to intentionally falsely arrest and imprison plaintiff as afore-described;

(b)    defendants agreed and acted to intentionally fabricate and contrive the charges lodged against plaintiff as afore-described;

(c)    defendants agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges lodged against plaintiff;

(d)    defendants agreed and acted with others to beat, thrash, use excessive force, intimidate and terrorize plaintiff;

(e)    defendants agreed and acted with others to punish plaintiff for exercising his constitutionally protected right to take a garden tool (the machete) from a car in order to assist his friend gain entrance to his bedroom.

33. As a direct and proximate result of the conspiracy between defendants and others, as afore-described, plaintiff has been deprived of his right to be free from unreasonable and unlawful seizure, to equal protection of the law, to due process rights to be free from arbitrary and unreasonable action, which are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

WHEREFORE, plaintiff prays for judgment against defendants jointly and severally for compensatory damages in the amount of One Million ($1,000,000.00) Dollars and for punitive damages in the amount of One Million ($1,000,000.00) Dollars, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

9.

Case ID: 090404184

## COUNT III

### State Tort Claims Against All Defendants

34.  Paragraphs 1 through 33 of this Complaint are incorporated by reference as fully as though set forth herein at length.

35.  The acts and conduct of defendants alleged in the above stated cause of action constitute assault and battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence and violation of Pennsylvania constitutionally guaranteed rights.

WHEREFORE, plaintiff requests the following relief:

    (a)     compensatory damages;

    (b)     punitive damages;

    ( c)     reasonable attorney's fees and costs; and

    (d)     such other further relief as appears reasonable and just.

S/ _____

MARGARET BOYCE FUREY

Attorney for plaintiff

Dated:   July 1, 2009

Case ID: 090404184

<u>VERIFICATION</u>

KEVIN FUREY states that he is the within named plaintiff and verifies that the facts set

forth in the foregoing Complaint are true and correct to the best of his knowledge, information

and belief. He understands that the statements herein are made subject to the penalties of 18

Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Dated: July 1, 2009

KEVIN FUREY

Case ID: 090404184

# EXHIBIT
# B

Law Offices of Brian Puricelli
BY: Brian Puricelli, Esquire
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115

---

KEVIN FUREY                                    COURT OF COMMON PLEAS
       PLAINTIFF,                          PHILADELPHIA COUNTY

   V.                                       APRIL TERM, 2009
                                               NO. 04184

TEMPLE POLICE OFFICER CARL BINDER,
TEMPLE POLICE OFFICER HARVEY,
DOUGLAS SEGARS, COLIN ANDERSON AND
POLICE OFFICER STEVEN ROBINSON

      DEFENDANTS.


## CONSENT TO REMOVAL

I Brian M. Puricelli, Esquire attest the following"


1.     I am counsel for defendants Steven Robinson.

2.     Defendant Steven Robinson fully consents to removal of the action from the Court of Common Pleas, Philadelphia County, April Term, 2009 No 04184, to the United States District Court for the Eastern District of Pennsylvania.

4.     Consent is provided to remove the state civil action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

5.     I m authorized and competent to sign the consent form for my client.


Date: 9·30·2009

Law Offices of Brian Puricelli
BY: Brian Puricelli, Esquire
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115

---

KEVIN FUREY                           COURT OF COMMON PLEAS
       PLAINTIFF,                  PHILADELPHIA COUNTY

   V.                                 APRIL TERM, 2009
                                      NO. 04184

TEMPLE POLICE OFFICER CARL BINDER,
TEMPLE POLICE OFFICER HARVEY,
DOUGLAS SEGARS, COLIN ANDERSON AND
POLICE OFFICER STEVEN ROBINSON

     DEFENDANTS.

### CONSENT TO REMOVAL

I Edith A. Pearce, Esquire attest the following"

1.      I am counsel for defendant Douglass Segars.

2.      Defendant Douglas Segars fully consents to removal of the action from the Court

of Common Pleas, Philadelphia County, April Term, 2009 No 04184, to the United States

District Court for the Eastern District of Pennsylvania.

4.      Consent is provided to remove the state civil action from the Court of Common

Pleas to the United States District Court for the Eastern District of Pennsylvania.

5.      I m authorized and competent to sign the consent form for my client.

Date: 9/30/09

Law Offices of Brian Puricelli
BY: Brian Puricelli, Esquire
691 Washington Crossing Road
Newtown PA 18940
(215) 504-8115

---

KEVIN FUREY                          COURT OF COMMON PLEAS
        PLAINTIFF,                PHILADELPHIA COUNTY

    V.                             APRIL TERM, 2009
                                     NO. 04184

TEMPLE POLICE OFFICER CARL BINDER,
TEMPLE POLICE OFFICER HARVEY,
DOUGLAS SEGARS, COLIN ANDERSON AND
POLICE OFFICER STEVEN ROBINSON

        DEFENDANTS.


DECLARATION FOR CONSENT TO REMOVAL

I Brian M. Puricelli, attorney for Steve Robinson, declare under penalty of perjury the following:

1.      I personally spoke with Shernese V. Woodbine, Esquire, counsel for defendants, Temple University police officers, Carl Binder and Officer Harvey, on Septeber 30, 2009.

2.      Attorney Woodbine clients Defendants Binder and Harvey fully consent to removal of the action from the Court of Common Pleas, Philadelphia County, No April Term, 2009 No 04184, to the United States District Court for the Eastern District of Pennsylvania.

3.      Consent is provided by attorney Woodbine to remove the state civil action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

4.      I spoke personally with Jeffery S. Simons, Assistant City Solicitor, for the City of Philadelphia, Law Department, on September 30, 2009.

5.    Defendant Colin Anderson, identified as a Philadelphia Police Officer, is a named defendant and consents to removal of the action to federal court.

6.    Attorney Simons of the Philadelphia City Law Department does not represent defendant Steven Robinson.

7.    Defendant Robinson was erroneously identified by counsel for the Plaintiff in the writ of summons (and alter in the complaint) as a "Police officer" of the City of Philadelphia.

8.    The Plaintiff did not served a Writ of Summons on defendant Robinson; rather, the writ was served on the City Law Department.

9.    The writ of summons did not include any substantive factual information to show liability by any defendant or to show Robinson was a police officer, which he was not, for the times related to Plaintiff asserting Robinson is liable to the Plaintiff, which he is not.

10.    The City Law Department and its employees, for the City of Philadelphia, did not have, do not,  and never have had authority, at law, or from Steven Robinson to accept service of the Writ of Summons or a complaint for Robinson, and the City Law Department was and is not authored at law or was ever retained to represent Robinson in the Philadelphia Court of common Pleas civil action that is the subject matter of this Removal Notice.

11.    All Defendants in the referenced civil action fully consent to removal of the action from the Court of Common Pleas, Philadelphia County, No April Term, 2009 No 04184, to the United States District Court for the Eastern District of Pennsylvania. Further, consent to remove the state civil action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, to the extent required and may be given, is provided by the City Law Department for this action and any police officer of the City of Philadelphia that is or may be a defendant in the civil action.

12.    I Brian M. Puricelli am authorized and competent to sign the consent form.

I Shernese V. Woodbine, Esquire, attest the following"

Date: September 30, 2009

## CERTIFICATE OF SERVICE

Brian Puricelli, Esquire, hereby certify that I caused to be served a true and

correct copy of Steve Robinson's Notice of Removal, via ECF Philadelphia system and if

not a user then by first class and electronic U.S. Mail upon the following:

Edith A. Pearce, Esquire
The Pearce Law Firm
1601 Sansom Street, Suite 2C
Philadelphia, PA 19103
For Defendant Segars

Jeffrey Simons, Esquire
Deputy City Solicitor - Law Department
City Solicitor's Office
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
For the City of Philadelphia Police Officer Colin

Joe H. Tuckier Jr., Esquire
Bacardi L. Jackson, Esquire
Shernese V Woodbine, Esquire
One Penn Center at Suburban Station
1617 JFK Blvd  Suite 1700
Philadelphia PA 19103
(215) 875-0609
For Temple University police officers Anderson & Harvey

Margaret Boyce Furey, Esquire
Tower Bridge Center, Suite 400
200 Barr Harbor Drive
West Conshohocken, PA 19428
        For the Plaintiff

_____ /s/
Brian Puricelli, Esquire
Attorney for Steve Robinson