# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN FUREY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TEMPLE POLICE OFFICER CARL | : | NO. 09-4507 |
| BINDER, TEMPLE POLICE OFFICER | : | |
| HARVEY, DOUGLAS SEGARS, | : | |
| COLIN ANDERSON, and POLICE | : | |
| OFFICER STEVEN ROBINSON | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                                               December 22, 2009

Currently pending before the Court is the Motion for Remand by Plaintiff Kevin Furey and the Response of Defendant Steven Robinson. For the following reasons, the Motion is granted and the case remanded to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

**I. FACTUAL AND PROCEDURAL HISTORY**[1]

On May 1, 2009, Plaintiff Kevin Furey instituted an action by summons against Defendants Carl Binder, Officer Harvey, Douglas Segars, Colin Anderson, and Steven Robinson. An Affidavit of Service, docketed on May 19, 2009, reflects that the summons was served on

---

[1] This summary was compiled from a review of the docket from the Pennsylvania Court of Common Pleas for the County of Philadelphia, as well as the docket in the previous matter in this Court, Civil Action Number 09-3204.

Defendant Robinson on May 4, 2009 by delivery to the City of Philadelphia Law Department.[2] Three days later, on May 7, 2009, Craig Straw, Deputy City Solicitor for the City of Philadelphia, filed an Entry of Appearance on behalf of Robinson.

On July 2, 2009, Plaintiff filed his Complaint with a Notice to Defend, which was served electronically on all counsel who had entered their appearance – including counsel for Defendants Binder, Harvey, Robinson, and Segars. Defendants Binder and Harvey (collectively "Removing Defendants"), then jointly submitted a timely Notice of Removal to the United States District Court. Because this Notice did not state whether the remaining three Defendants had either been served or consented to removal, as required by 28 U.S.C. § 1446's rule of unanimity, Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 2005), Plaintiff filed a Motion to Remand dated August 7, 2009. The same day, Removing Defendants amended their Notice of Removal, attaching written consents to removal from Defendants Segars and Robinson, as well as a statement that Defendant Anderson had yet to be served.[3] The Consent to Removal from Defendant Robinson was signed by Jeffrey S. Simons, Esq. of the Philadelphia City Solicitor's Office, who averred that he represented Robinson in this matter and was competent to sign the

---

[2] Specifically, the Affidavit of Service notes that a copy of the summons was given to "Ms. Bey, person authorized to accept service on behalf of [Officer Steven Robinson]" at the City of Philadelphia Law Department. (Pl.'s Mot. to Remand, Ex. B.)

[3] The docket is not clear as to when the Amended Notice was actually served. Docket number six states that the Amended Notice was filed on August 7, 2009, with a notation that the document was "filed in error - attorney to refile in hard copy." Docket entry number seven then lists an Amended Notice of Removal as being filed on August 11, 2009. In the prior decision in this case, the Honorable Mary McLaughlin noted that this discrepancy was of no moment with respect to a decision on the Motion to Remand and thus assumed that the amended notice was filed on the earlier date. Furey v. Binder, No. CIV.A.09-3204, 2009 WL 2602428, at *1 n.2 (E.D. Pa. Aug. 24, 2009). This Court does the same.

2

form.

Upon consideration of the competing motions, the Honorable Mary McLaughlin issued a Memorandum and Order, dated August 24, 2009, ordering that the case be remanded to state court. The Court recognized that the removal statute, 28 U.S.C. § 1446(a), requires that all known and properly-served defendants explicitly consent to remand within a mandatory thirty-day period from the time the last defendant is served. Furey v. Binder, No. CIV.A.09-3204, 2009 WL 2602428, at *2 (E.D. Pa. Aug. 24, 2009) (citing Balazik, 44 F.3d at 213). Due to the failure of the Removing Defendants to obtain and file the consent of all properly-served defendants by August 3, 2009 – thirty days after the last Defendant was served with Plaintiff's Complaint – the Court deemed removal improper. Furey v. Binder, No. CIV.A.09-3204, 2009 WL 2602428, at *2 (E.D. Pa. Aug. 24, 2009). In so holding, the Court expressly noted Removing Defendants' concession that Defendants Segars and Robinson had been served with the Plaintiff's Complaint on July 2, 2009, and that the thirty-day period for Segars and Robinson to consent to the removal expired August 3, 2009. Id. at *2. Accordingly, on August 25, 2009, the United States District Court remanded this case back to the Philadelphia Court of Common Pleas.

On October 2, 2009, one day after the remand was docketed in the state court, the Philadelphia County Court of Common Pleas entered a Judgment of Default in favor of Plaintiff and against Defendant Robinson for failure to file an answer to the Complaint. Just two hours after entry of judgment, attorney Brian Puricelli, Esq. filed a second Notice of Removal to the United States District Court on behalf of Defendant Robinson. Plaintiff responded, on October 7, 2009, with the current Motion for Immediate Remand and Imposition of Attorney's Fees. The

Court now turns to the merits of this Motion.

## II.    DISCUSSION

In his Motion for Remand, Plaintiff contends that, as reflected by the state court docket and the prior federal court decision, Defendant Robinson was properly served and is now the subject of an unchallenged default judgment against him, making any current attempt to remove this case untimely. In response, Defendant Robinson asserts that: (1) he was never properly served since he was not employed by the City of Philadelphia and did not authorize it to accept service on his behalf; (2) Craig Straw, Esq. was never authorized to enter his appearance on behalf on Robinson; and (3) attorney Jeffrey Simons was not authorized to give Robinson's consent to removal in August 2009. Because no service upon him was properly effected, Robinson contends that his time for seeking removal, under 28 U.S.C. § 1446, has yet to expire.

Defendant Robinson's argument, however, suffers from a significant flaw – the failure to provide this Court with any evidence to substantiate his claims. "[T]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). "[T]he Third Circuit interpreted 'all doubts' to mean that if 'there is any doubt as to the propriety of removal, [the] case should not be removed to federal court.'" Alex v. Eckerd Drugs, No. CIV.A.06-145, 2006 WL 2372032, at * 2 (W.D. Pa. Aug. 15, 2006) (quoting Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996)). In other words, "[u]pon a motion to remand, it is the removing party's burden to prove the propriety of removal." The Bachman Co. v. MacDonald, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001).

Defendant Robinson has not met this burden. As discussed above, the docket reflects that

Robinson was served at the City of Philadelphia Law Department, that an attorney from the City entered an appearance on Robinson's behalf, and that Robinson, through his counsel, consented to removal. The Court accepted these facts as true during litigation of the prior Motion to Remand in August 2009. Robinson now fails to submit to ths Court an affidavit attesting to his current representations that he was not employed at any point by the City of Philadelphia, that he was not properly served, and that an appearance was improperly entered on his behalf. The self-serving representations of his attorney made in an opposition brief simply do not permit this Court to disregard the prior judicial findings as to the propriety of service.

Absent any cognizable evidence supporting Defendant Robinson's current claims and resolving all doubts against removal, the Court must accept the state court docket's representation that Robinson was properly served with a copy of the Complaint on July 2, 2009.[4]

---

[4] In his Supplemental Memorandum, Defendant Robinson makes two alternative arguments, neither of which this Court finds convincing. First, Robinson argues that "[l]ooking at the official ECF Docket for the prior removal a[c]tion (09-2474) one [can] see that Defendant Steve Robinson was not a party." (Def. Robinson's Supplemental Mem. in Opp. 1.) Defendant, however, confuses the docket numbers. The prior removal action was docketed at 09-3204 and Defendant Robinson was clearly listed as a party. The docket to which Defendant refers (09-2474) is a separate action against Temple University and its various officials based on the same incidents. For purposes of this Motion, that matter is irrelevant.

Robinson also contends that Plaintiff has consented to removal and jurisdiction of this Court by using its subpoena power to compel Defendant to appear for a deposition. According to Robinson's argument, this act "renders moot the Plaintiff's motion to remand." (Id. at 2.) Defendant, however, cites no support for this proposition. To the contrary, the Court notes that although "a plaintiff might waive the right to a remand by supplementing a complaint, litigating a summary judgment motion, or engaging in a trial," it is well-established that "merely engaging in offensive or defensive litigation (such as limited discovery) especially when the plaintiff has already filed a motion for remand, does not forfeit the right to a remand." Lapoint v. Mid-Atl. Settlement Servs., Inc., 256 F. Supp. 2d 1, 3 (D.D.C. 2003); see also Kitson v. Bank of Edwardsville, No. CIV.A.06-528, 2006 WL 3392752, at *5 (N.D. Ill. Nov. 22, 2006) (declining to find waiver of right to seek remand where Plaintiff filed an amended complaint in federal court and demanded a jury trial).

He then had only thirty days after proper service, i.e. until August 3, 2009, to seek removal. The current Notice of Removal, however, was not filed until October 2, 2009. Failure to file a notice of removal within the time period provided by the removal statutes constitutes a defect in the removal process. Seville v. Stowitzky, No. CIV.A.08-3315, 2009 WL 722274, at *1 (E.D. Pa. Mar. 17, 2009). As remand is the appropriate remedy for such a defect, PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993), the Court must grant Plaintiff's Motion and return the matter to the state court for all further proceedings.

Plaintiff also requests, pursuant to 28 U.S.C. § 1447(c),[5] attorneys' fees in the amount of $750 as sanctions for preparation of the petition for remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In light of the remaining factual issues regarding the effectiveness of service – all of which require resolution by the state court – the Court cannot, at this juncture, determine whether Defendant Robinson had an objectively reasonable basis for seeking removal. Accordingly, we must decline Plaintiff's request for fees.

An appropriate Order follows.

---

[5] The statute states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).